UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| BASSAM and ZENAIDA MAHMOUD,<br>Individually and as Co-Personal<br>Representatives of the Estates of SAM M.<br>MAHMOUD, Deceased, and A.<br>MAHMOUD, Deceased | § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:08-CV-3582 |
| vs. | § § § | DISTRICT JUDGE WILSON<br>MAGISTRATE JUDGE YOUNG |
| FORD MOTOR COMPANY, TRW<br>AUTOMOTIVE, TRW INC., TRW<br>VEHICLE SAFETY SYSTEMS INC., and<br>TRW AUTOMOTIVE SYSTEMS<br>ARKANSAS INC. | § § § § § | Jury Demanded |
| Defendants. | § § § § | |

## INTERIM CONSENT CONFIDENTIALITY ORDER

Whereas, the parties to this Interim Consent Confidentiality Order ("parties"), have

stipulated that certain discovery material is and should be treated as confidential, and have

agreed to the terms of this order; accordingly, it is this *14th* day of *January* 20*10*, ORDERED:

At this Time, pursuant to the consent of the parties herein, and prior to a formal hearing

being held relative to the confidentiality of information to be produced in this case, in order to

preserve the rights of the litigants in these proceedings, particularly in the discovery process, the

Court hereby enters this Interim Consent Confidentiality Order as follows:

1.      **Interim Nature of the Agreement.**  It having been represented to the Court, and

it shall be, that the terms of this Interim Consent Confidentiality Order have been agreed to at

this time by the parties to facilitate the prompt production of discovery materials and depositions

in this case, and that the parties specifically reserve the right to request that any portion of this

Interim Consent Confidentiality Order be modified at a later time after the filing of a formal motion and after a hearing on such a motion has been held. This Interim Consent Confidentiality Order merely provides a framework for the parties to claim such materials as confidential during discovery in this case until such time as disagreements of the parties, if any, relative to the terms of this Order can be presented to the Court for the Court's determination.

The Parties specifically intend that this Interim Consent Confidentiality Order shall remain in place as the confidentiality protective order for use in this case unless and until it is modified by the Court.

2.    **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery which are claimed by a producing party to contain confidential / proprietary information (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

3.    **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "PRODUCED UNDER PROTECTIVE ORDER" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated Confidential prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

4.    **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in

good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto as Attachment A which shall be executed subject to the standards of *Rule 11 of the Federal Rules of Civil Procedure.* Information or documents which are available in the public sector may not be designated as confidential.

5.    **Depositions.**    Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

6.    **Protection of Confidential Material.**

a.    General Protections.    Documents designated as Confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). This provision does not prohibit the attorneys and staff of Turner and Associates, P.A. form utilizing documents designated as confidential by TRW VSSI in this litigation in other litigation which they may have with TRW VSSI, provided that such use of the confidential information shall be subject to the terms of this Interim Consent Confidentiality Order.

b.    Limited Third Party Disclosures.    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated Confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be

made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated Confidential pursuant to this Order:

(1)     counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)     parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

(3)     court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)     Independent experts and consultants retained by parties whose assistance is necessary for the preparation of trial of this specific action, provided that no such disclosure shall be made to any person employed by any competitor of TRW VSSI;

(5)     other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.     Control of Documents.  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order.  Counsel shall maintain a record of those persons,

including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.      Copies.   All copies, duplicates or extracts, (hereinafter referred to collectively as "copies") of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "PRODUCED UNDER PROTECTIVE ORDER" if the words do not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

6.      **Filing of Confidential Materials.**  In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the provisions of Rule 5.2, Federal Rules of Civil Procedure.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk of

Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion.

7.    **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8.    **Challenges to Designation as Confidential.** Any document designated as Confidential is subject to challenge. The following procedures shall apply to any such challenge:

a.    The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

b.    A party who contends that documents designated as Confidential are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c.    Notwithstanding any challenge to the designation of documents as confidential, all material previously designated as Confidential shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)    the party who claims that the documents are confidential withdraws such designation in writing;

(2)    the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b. above; or

(3)  the court rules that the documents should no longer be designated as confidential information.

d.  Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.  **Treatment on Conclusion of Litigation.**

a.  Order Remains in Effect. All provisions of this Order restricting the use of documents designated as Confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.  Documents Filed under Seal. The Clerk of Court may, at the conclusion of the litigation including conclusion of any appeal, return to counsel for the parties, or destroy, any materials filed under seal. Before destroying any document filed under seal, the Clerk of Court shall advise all parties of their option to accept return or destruction and shall allow no less than thirty (30) days from issuance of the notice for counsel to respond. In the absence of a response, the Clerk of Court may destroy documents filed under seal.

10.  **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11.  **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall

be construed or presented as a judicial determination that any specific document or item of information designated as Confidential by counsel is subject to protection under *Rule 26(c) of the Federal Rules of Civil Procedure* or otherwise until such time as a document-specific ruling shall have been made.

12.      **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.


IT IS SO ORDERED.


_____
UNITED STATES DISTRICT JUDGE

1/14/2010


APPROVED AND CONSENTED TO:


_____
C. Tab Turner   BAR NO. 85158
Attorney for Plaintiffs
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
tab@tturner.com


_____
G. Spence Fricke  BAR NO. 79068
Attorneys for Defendant TRW Vehicle Safety Systems Inc.
Barber, McCaskill, Jones & Hale, P.A.
2700 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201-3414
gsfricke@barberlawfirm.com

_[signature]_

David R. Tippetts   BAR NO. 20065250
Attorneys for Defendant TRW Vehicle Safety Systems Inc.
Weinstein Tippetts & Little LLP
7660 Woodway, Suite 500
Houston, Texas 77063
david.tippetts@wtllaw.com

4840-9905-4085, v. 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| BASSAM and ZENAIDA MAHMOUD, | § | |
| Individually and as Co-Personal | § | |
| Representatives of the Estates of SAM | § | |
| MICHAEL MAHMOUD, Deceased, and | § | |
| ADEL BASSAM MAHMOUD, Deceased | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:08-CV-3582 |
| | § | |
| vs. | § | DISTRICT JUDGE WILSON |
| | § | MAGISTRATE JUDGE YOUNG |
| FORD MOTOR COMPANY, TRW | § | |
| AUTOMOTIVE, TRW INC., TRW | § | Jury Demanded |
| VEHICLE SAFETY SYSTEMS INC., and | § | |
| TRW AUTOMOTIVE SYSTEMS | § | |
| ARKANSAS INC. | § | |
| | § | |
| Defendants. | § | |

## DESIGNATION
## OF INFORMATION AS CONFIDENTIAL

1.      Documents produced herewith whose bates numbers are listed below or
which are listed on the attached index have been marked as "Confidential" or "Produced
Under Protective Order" and are subject to the Interim Consent Confidentiality Order
entered in this action dated November ___, 2009.

2.      By signing below, I am certifying that I have personally reviewed the
marked documents and believe, based on that review, that they are properly subject to
protection under the terms of Paragraph 4 of the Order.

3.      I was admitted to practice in this court *Pro Hac Vice* on November 12,
2009. I am a member of the Bar of Texas. My Bar number is 20065250.

_____

Signature of Counsel

<u>David R. Tippetts</u>
Printed Name of Counsel

# ATTACHMENT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| BASSAM and ZENAIDA MAHMOUD, Individually and as Co-Personal Representatives of the Estates of SAM MICHAEL MAHMOUD, Deceased, and ADEL BASSAM MAHMOUD, Deceased | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:08-CV-3582 |
| vs. | § § § | DISTRICT JUDGE WILSON MAGISTRATE JUDGE YOUNG |
| FORD MOTOR COMPANY, TRW AUTOMOTIVE, TRW INC., TRW VEHICLE SAFETY SYSTEMS INC., and TRW AUTOMOTIVE SYSTEMS ARKANSAS INC. | § § § § § § | Jury Demanded |
| Defendants. | § | |

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

1.      The undersigned hereby acknowledges that he or she has read the Interim Consent Confidentiality Order dated November ___, 2009, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Interim Consent Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated Confidential solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

2.      The undersigned acknowledges that violation of the Interim Consent Confidentiality Order may result in penalties for contempt of court.

Name:_____

Job Title:_____

Employer:_____

Business Address:_____

Date:_____

Signature_____


**ATTACHMENT B**

4839-6280-3973, v. 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| BASSAM and ZENAIDA MAHMOUD, | § | |
| Individually and as Co-Personal | § | |
| Representatives of the Estates of SAM | § | |
| MICHAEL MAHMOUD, Deceased, and | § | |
| ADEL BASSAM MAHMOUD, Deceased | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:08-CV-3582 |
| | § | |
| vs. | § | DISTRICT JUDGE WILSON |
| | § | MAGISTRATE JUDGE YOUNG |
| FORD MOTOR COMPANY, TRW | § | |
| AUTOMOTIVE, TRW INC., TRW | § | Jury Demanded |
| VEHICLE SAFETY SYSTEMS INC., and | § | |
| TRW AUTOMOTIVE SYSTEMS | § | |
| ARKANSAS INC. | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATION OF COUNSEL OF NEED FOR
## ASSISTANCE OF PARTY/EMPLOYEE

1.      Pursuant to the Interim Consent Confidentiality Order entered in this

action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of

_____ is reasonably necessary to the conduct of this

litigation and that this assistance requires the disclosure to this individual of information

which has been designated as Confidential.

2.      I have explained the terms of the Interim Consent Confidentiality Order to

the individual named above and will obtain his or her signature on an "Acknowledgment

of Understanding and Agreement to be Bound" prior to releasing any confidential

1

documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

# ATTACHMENT C

3.  The individual named above is:

    [ ] A named party;

    [ ] An employee of a named party.  This employee's job title is and work address is _____ and work address

is _____.

Date:_____

Signature_____

4810-7725-3893, v. 1